[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This case involves an issue of first impression in Connecticut: Whether a real estate agency and a real estate broker can sue for lost commissions under the Common Interest Ownership Act (CIOA), General Statutes §§ 47-200 et. seq. The plaintiffs bring this claim under § 47-278, which is the relief provision of CIOA, for lost commissions resulting from the defendant's noncompliance with § 47-270 (b)
The Common Interest Ownership Act is a "comprehensive legislative scheme that governs the creation, organization and management of all forms of common interest communities." Fruin v.The Collonade One at Old Greenwich Ltd., 237 Conn. 123, 130,676 A.2d 369 (1996). It is a consumer oriented statute which is intended to protect condominium purchasers by providing rights to disclosure and warranties. CIOA was also intended to assist unit associations, lenders and title insurers. "The act, which is largely modeled after the Uniform Common Interest Ownership Act, was created in order to provide unit owners and their associations with consumer protection rights, as well as to afford developers, lenders and title insurers with flexibility and certainty in establishing common interest communities . . ." CT Page 12475 (Citations omitted.) Linden Condominium Association, Inc. v.McKenna, 247 Conn. 575, 584, (1999); see alsoWillow Springs Condominium Association, Inc. v. 7th BRT DevelopmentCorp., 245 Conn. 1, 30, 717 A.2d 77
(1998).
CIOA imposes certain responsibilities on condominium associations. General Statutes § 47-270 (b) provides in pertinent part: "The association, within ten business days after receipt of a written request by a unit owner and payment by the unit owner of a fee of not more than seventy-five dollars . . . shall furnish a certificate containing the information necessary to enable the unit owner to comply with this section, and any other documents required by this section . . ." Individuals adversely affected by noncompliance with CIOA may seek relief under General Statutes § 47-278, which states in pertinent part: "If a declarant or any other person subject to this chapter fails to comply with any of its provisions or any provision of the declaration or bylaws, any person[1] or class of persons adversely affected by the failure to comply has a claim for appropriate relief. Punitive damages may be awarded for a wilful failure to comply with this chapter. The court may award court costs together with reasonable attorney's fees." The remedies authorized by this section "are to be `liberally administered to the end that the aggrieved party is put in as good a position as if the other party had fully performed, provided consequential, special or punitive damages may not be awarded except as specifically provided in [the act] or by other rule of law.' General Statutes § 47-212 (a)." Fruin v. TheCollonade One at Old Greenwich Ltd., supra, 237 Conn. 131-32; see also Grey v. Coastal States Holding Co., 22 Conn. App. 497,504, 578 A.2d 1080, cert. denied, 216 Conn. 817,580 A.2d 57 (1990).
General Statutes § 47-207 provides that CIOA is to be considered in conjunction with the principles of other areas of law: "The principles of law and equity, including the law of corporations and unincorporated corporations, the law of real property, and the law relative to capacity to contract, principal and agent, eminent domain, estoppel, fraud, misrepresentation, duress, coercion, mistake receivership, substantial performance, or other validating cause supplement the provisions of this chapter, except to the extent inconsistent with this chapter." General Statutes § 47-207. CT Page 12476
In the present case, the Connecticut Housing Finance Authority (CHFA) became the owner of the condominium unit at issue on February 28, 1996, due to foreclosure. The plaintiff, Miriam Ferrary, owns a real estate agency named Home Associates, Inc., which is also a plaintiff in this case. The defendants are Alan Behan, and the East Pointe Condominium Association. The parties stipulated to the fact that the plaintiffs were appointed by CHFA to "act as its real estate agent to sell Unit 6-10 which appointment included the authority to request Resale Certificates on its behalf." (Stipulation of Facts, ¶ 8, dated June 10, 1999.) The condominium association is required to furnish' resale certificates under § 47-270 (b). The stipulation of facts shows that the plaintiffs requested the resale certificates from the defendants but that "[a]fter numerous requests from the Plaintiff Ferrary, neither the Defendant Behan or anyone else on behalf of the Association, provided the [Plaintiff] Ferrary a Resale Certificate." (Stipulation of Facts, dated June 10, 1999, ¶ 12.) The plaintiffs procured three contracts with three consecutive buyers for the unit. (Stipulation of Facts, dated June 10, 1999, ¶ 9.)
The plaintiffs seek relief under § 47-278, for lost commissions due to the failure of the defendants to provide a resale package as required by General Statutes § 27-270 (b). The defendants argue that § 47-278 does not extend to an agent of a unit owner, and that CHFA, as the unit owner, should have filed a claim to compel production of the resale package. (Defendant's Brief, dated June 10, 1999, p. 3.) The plaintiffs' first argument is that they fall under the statutory language referring to "any person or class of persons adversely affected"; § 47-278; and that the legislature would have changed the wording of the statute if it was meant to be exclusive. Additionally, the plaintiffs argue that CIOA is a remedial statute which must be afforded liberal interpretation.
While the statute is remedial in nature and is to be given liberal interpretation, very few cases have been brought under § 47-278. Most of those cases involved unit owners or individuals expressly covered by the statute. See e.g., Fruin v.The Collonade One at Old Greenwich Ltd., supra, 237 Conn. 123;Grey v. Coastal States Holding Co., 22 Conn. App. 497; CaswellCove Condominium v. Milford Partners, Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 053458 (Oct. 16, 1998, Curran, J.); Arrowhead by the Lake v. Arrowhead,
Superior Court, judicial district of Waterbury, Docket No. 128458 CT Page 12477 (Dec. 31, 1996, Riefberg, J.). None of those cases pertained to whether a broker may have an action under CIOA for lost commissions.
One Superior Court case has excluded certain individuals from coverage under § 47-278. In Collins v. TownhouseEighty-Eight Foundation, Superior Court, judicial district of Hartford/New Britain at New Britain, Docket No. 434506 (Jan. 3, 1991,Aronson, J.), the court refused to allow the plaintiff who slipped on an adjacent sidewalk to proceed under § 47-278
holding that the relief section does not apply to the general public. The court viewed the statute as a whole and stated that "although the language of [§] 27-278 is very broad and appears to encompass the general public within its protections, construing this section within the context of the entire statute does not reveal such a broad cause of action. According to the legislative history of Connecticut's CIOA (P.A. 83-474), the general purposes of the statute as a whole include broadening statutory coverage to all common interest ownership property, increasing purchaser protections, strengthening unit owners' association rights, and providing greater flexibility and certainty to developers and lenders . . ." Id.
The court referred to the Uniform Common Interest Ownership Act for guidance: "The comment to the Uniform Common Interest Ownership Act, sec. 4-117, the corresponding provision to the identically drafted Conn. Gen. Stat. Sec. 47-278, provides in pertinent part that: This section provides a general cause of action or claim for relief for failure to comply with the Act by either a declarant or any other person subject to the Act's provisions. Such persons might include unit owners . . . or the association itself . . . The section specifically refers to any person or class of persons to indicate that any relief available under the state class action statute would be available in circumstances where a failure to comply with this Act occurred. . . ." (Citation omitted; internal quotation marks omitted.)
In Collins, however there was no nexus between the plaintiff and the condominium association beyond the fall on the adjacent sidewalk.[2] In the present case, there is a connection to the condominium association and owner, as the plaintiffs are theappointed agents of the unit owner, and they performed services by providing three consecutive buyers for the property. The plaintiffs were adversely affected by the defendants' CT Page 12478 seemingly willful noncompliance with CIOA. The court finds that these plaintiffs fall within the types of persons and entities the legislature sought to protect.
The court will next address the amount of damages to be awarded the plaintiffs. The court finds that the plaintiffs are entitled to only one lost commission and awards them damages in the amount of $2,400.00. Further, the court finds a wilful failure to comply with § 47-270 (b) and pursuant to the appropriate parts of § 47-278 awards punitive damages of $7,200.00, reasonable attorney's fees of $2,500.00 for a total of $12,100.00 together with court costs.
The next issue before the court is whether judgment enters against the individual defendant, Alan Behan, East Pointe Condominium Association or both. The plaintiffs claim that the individual defendant was the "alter ego" of the East Pointe Condominium. The court has reviewed the stipulation of facts and the briefs of the parties on this issue as well as the recent case of Davenport vs. Ouinn, 53 Conn. App. 282, CLJ May 18, 1999 P2A and agrees with the plaintiff.
Judgment may enter against both defendants.
JOHN R. CARUSO